UNITED STATES DISTRICT COURT
DISTRICT OF MAINE

| | | |
|---|---|---|
| THEODORE HEINEMANN, | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:16-cv-00460-DBH |
| | ) | |
| SOCIAL SECURITY | ) | |
| ADMINISTRATION, et al., | ) | |
| | ) | |
| Defendants | ) | |

**RECOMMENDED DECISION AFTER SCREENING PLAINTIFF'S COMPLAINT
PURSUANT TO 28 U.S.C. § 1915(e).**

On September 9, 2016, a day after he visited the Social Security Administration's office in the Margaret Chase Smith Federal Building in Bangor, Maine, Plaintiff filed this action in which he alleges that he was assaulted by "a social security administration guard"; that the Social Security Administration (SSA) has engaged in "intentional mismanagement" in part because it refused his request for production of records related to his deceased father's social security account; and that Joan Logan Bowen (Plaintiff's mother) and her husband, Stephen Bowen, are working with the SSA to violate the law.  On September 22 and 23, Plaintiff filed  supplemental pleadings, in which pleadings Plaintiff contends Joan Bowen should be arrested for social security fraud, and that the SSA is wrongfully making him repay an overpayment of social security benefits rather than recovering the overpayment from Joan Bowen.

Plaintiff filed an application to proceed *in forma pauperis*, which application the Court granted.  (ECF Nos. 3, 4).   In accordance with the *in forma pauperis* statute, a preliminary review of Plaintiff's complaint is appropriate.  28 U.S.C. § 1915(e)(2).  Following a review of the pleadings, I recommend the Court dismiss Plaintiff's claims except for Plaintiff's challenge to the SSA's decision to collect an overpayment of benefits from Plaintiff.

**STANDARD OF REVIEW**

Before the Court can consider the merits of Plaintiff's claims, the Court must have subject matter jurisdiction to hear the case.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); *see also Florio v. Olson,* 129 F.3d 678, 680 (1st Cir. 1997) (providing that a court has "an obligation to inquire *sua sponte* into the subject matter jurisdiction of its cases, and to proceed no further if such jurisdiction is lacking" (internal citations and quotations omitted).)

In addition to the primary concern over jurisdiction, when a party is proceeding *in forma pauperis*, "the court shall dismiss the case at any time if the court determines," *inter alia*, that the action is "frivolous or malicious," "fails to state a claim on which relief may be granted," or "seeks monetary relief against a defendant who is immune from such relief."  28 U.S.C. § 1915(e)(2)(B).  "Dismissals [under § 1915] are often made *sua sponte* prior to the issuance of process, so as to spare prospective defendants the inconvenience and expense of answering such complaints."  *Neitzke v. Williams*, 490 U.S. 319, 324 (1989).

When considering whether a complaint states a claim for which relief may be granted, courts must assume the truth of all well-plead facts and give the plaintiff the benefit of all reasonable inferences therefrom.  *Ocasio-Hernandez v. Fortuno-Burset*, 640 F.3d 1, 12 (1st Cir. 2011).  A complaint fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its face."  *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).  "The relevant question ... in assessing plausibility is not whether the complaint makes any particular factual allegations but, rather, whether 'the complaint warrant[s] dismissal because it failed *in toto* to render plaintiffs' entitlement to relief plausible.'" *Rodríguez– Reyes v. Molina–Rodríguez,* 711 F.3d 49, 55 (1st Cir. 2013) (quoting *Twombly,* 550 U.S. at 569 n. 14).

Although a pro se plaintiff's complaint is subject to "less stringent standards than formal pleadings drafted by lawyers," *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the complaint may not consist entirely of "conclusory allegations." *Young v. Wells Fargo, N.A.*, 717 F.3d 224, 231 (1st Cir. 2013). *See also Ferranti v. Moran*, 618 F.2d 888, 890 (1st Cir. 1980) (explaining that the liberal standard applied to the pleadings of pro se plaintiffs "is not to say that pro se plaintiffs are not required to plead basic facts sufficient to state a claim").

### DISCUSSION

In his original complaint (ECF No. 1), Plaintiff evidently asserts three claims: (1) an assault claim against a SSA security officer and the SSA; (2) an "intentional mismanagement" claim against the SSA, including an allegation that Joan and Stephen Bowen are complicit in the mismanagement; and (3) a claim to obtain records from the SSA.  In a supplemental pleading (ECF No. 5), Plaintiff requests that Joan Bowen be charged criminally with social security fraud.  In another supplemental pleading (ECF No. 7), Plaintiff apparently requests that the SSA be directed to recover a social security overpayment from Joan Bowen rather than from his future benefits.

### A.    The assault claim

Plaintiff alleges that "a social security administration guard, who was working at 202 Harlow St., Bangor, Maine social security office, assaulted [him] by slamming [him] into the wall of the social security office." (Complaint at 1, Claim 1, ECF No. 1.)  Although Plaintiff is unable to identify the guard, Plaintiff's allegations would be sufficient to state a common law civil tort claim of assault, which tort is actionable based on allegations of offensive physical contact. Donald N. Zillman, Jack H. Simmons & David D. Gregory, MAINE TORT LAW § 1.01 (2004). Additionally, while Plaintiff arguably did not assert a claim against the SSA based on the assault, under state law, an employer can be vicariously liable for the acts of an employee. *DiCentes v. Michaud*, 1998 ME 227, ¶ 11, 719 A.2d 509, 513.

3

Accepting as true for purposes of this preliminary review Plaintiff's assertion that the individual who allegedly assaulted him was a "social security administration guard,"[1] Plaintiff's claim would be subject to the Federal Tort Claims Act.  "It is well settled law, that an action brought against the United States under the Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671 *et seq.,* ([the FTCA]) must be dismissed if a plaintiff has failed to file a timely administrative claim with the appropriate federal agency."  *Gonzalez-Bernal v. United States*, 907 F.2d 246, 248 (1st Cir. 1990) (citing *United States v. Kubrick,* 444 U.S. 111, 113 (1979)).  The FTCA's presentment requirement is jurisdictional.  28 U.S.C. § 2675; *Corte-Real v. United States*, 949 F.2d 484, 485 (1st Cir. 1991).

Plaintiff has not asserted, nor has he filed any document that reflects, that he has presented his assault claim to the SSA prior to filing suit.  To the contrary, according to Plaintiff's allegations, he filed this action immediately after the alleged incident involving the guard.  While the FTCA might waive the sovereign immunity of the United States with respect to an assault claim against a federal "law enforcement officer," *see* 28 U.S.C. §§ 1346(b), 2680(h), the waiver is contingent upon compliance with the FTCA, which requires Plaintiff first present his claim to the appropriate federal agency.  *Id.* § 2675.  Plaintiff's failure to present the case first to the appropriate agency deprives this Court of jurisdiction at this time.  *Corte-Real*, 949 F.2d at 485.

## B.      Claim of "intentional mismanagement"

Plaintiff appears to assert a claim of "intentional mismanagement" against the SAA, Joan Bowen, and Stephen Bowen, based on their alleged communications with the SSA regarding Plaintiff's benefits.  In his supplemental filing (ECF No. 5), Plaintiff submits documents which

---

[1] In the event that the guard is not a federal officer, Plaintiff has not alleged facts that would support the Court's exercise of federal question jurisdiction, such as federal enclave jurisdiction. *See* U.S. Const. art. I, § 8, cl. 17; 28 U.S.C. § 5001; 40 U.S.C. § 3112.  Additionally, Plaintiff's assault claim is not within this Court's supplemental jurisdiction because it arises from facts and circumstances different than those which give rise to his claim concerning the overpayment of social security benefits.  28 U.S.C. § 1367.

suggest that he was required to attend a medical evaluation on September 27 to assess whether he continues to suffer a disability.

The factual bases for and the legal theory in support of Plaintiff's "intentional mismanagement" claim are not entirely clear.  Plaintiff evidently believes that his disability status is being reviewed due in part to communications made by the Bowens.  Plaintiff's allegations, however, reflect that he continues to receive social security benefits, which include payments made to him based on his disability, and as a beneficiary of his father's social security account. Arguably, Plaintiff is attempting to enjoin, or prevent, the SSA from reviewing his entitlement to disability benefits.

The Social Security Act and applicable federal regulations permit periodic review of disability cases.  42 U.S.C. § 421(i); 42 C.F.R. §§ 404.1589, 416.989.  Moreover, the Social Security Act provides that "[n]o action against the United States, the [Secretary], or any officer or employee thereof shall be brought under section 1331 or 1346 of title 28 *to recover on any claim arising under this subchapter.*"  42 U.S.C. § 405(h) (emphasis added).  The Supreme Court has determined that this provision "clearly appl[ies] in a typical Social Security or Medicare benefits case, where an individual seeks a monetary benefit from the agency (say, a disability payment, or payment for some medical procedure), the agency denies the benefit, and the individual challenges the lawfulness of that denial."  *Shalala v. Illinois Council on Long Term Care, Inc.*, 529 U.S. 1, 10 (2000).  "The statute plainly bars § 1331 review …, irrespective of whether the individual challenges the agency's denial on evidentiary, rule-related, statutory, constitutional, or other legal grounds."  *Id.*

Even apart from the bar imposed by § 405(h), ordinary administrative law principles militate against judicial intervention in a legislatively-authorized agency process where, as here, the claim is not ripe because benefit payments have not been discontinued and the administrative

process could moot any concern Plaintiff has about the possible discontinuation of his benefits. *Id.* at 12 – 13.  *See also Mathews v. Eldridge*, 424 U.S. 319, 329 (1976) (holding that "some decision by the Secretary" is a jurisdictional prerequisite to judicial review under the Social Security Act") [2]; *FTC v. Std. Oil Co. of Cal.*, 449 U.S. 232 (1980) (holding that an agency's issuance of a complaint against a party is not reviewable in court until there is an administrative adjudication).

In short, at the present time, the Court lacks or should not exercise jurisdiction to intervene in what Plaintiff has alleged to be an SSA review process.

## C.    Claim for production of records

According to Plaintiff's complaint, on September 8, while at the SSA office, Plaintiff requested the production of his deceased father's social security records.  The local SSA office did not produce the records.  Plaintiff evidently attempts to assert a claim under the Freedom of Information Act (FOIA).[3]

FOIA affords agencies 20 days to respond to a proper request for records.  5 U.S.C. § 552(a)(6)(A).  If an agency fails to respond within 20 days, "the 'penalty' is that the agency cannot rely on the administrative exhaustion requirement to keep cases from getting into court."  *Citizens for Responsibility & Ethics in Washington v. Fed. Election Comm'n,* 711 F.3d 180, 189 (D.C. Cir.

---

[2] A recipient of social security benefits may assert a constitutional claim that is collateral to the administrative decision-making process, *Eldridge*, 424 U.S. at 331, but Plaintiff's allegations do not state a colorable constitutional claim.

[3] Individuals on occasion assert claims for access to government records through the Privacy Act, 5 U.S.C. § 552a(a)(5), and it may be that Plaintiff has the Privacy Act in mind.  However, the federal circuit courts that have addressed the issue have held that there is no right under the Privacy Act to obtain the records of others.  *Warren v. Colvin*, 744 F.3d 841, 842 (2d Cir. 2014) (per curiam) ("We join the other circuits that have addressed the issue in holding that the Act does not provide an individual with a right to demand materials pertaining to him but contained only in another individual's records."); *Sussman v. U.S. Marshals Serv.*, 494 F.3d 1106, 1121 (D.C. Cir. 2007) (holding that the Act grants access to only those records that are "about" the requestor, "not to all information pertaining to them that happens to be contained in a system of records"); *Cuccaro v. Sec'y of Labor,* 770 F.2d 355, 360 (3d Cir. 1985) (citing favorably Office of Management and Budget guidance that "individuals only have a right of access to information keyed to the requestor's own name or identifying number or symbol"); *Boyd v. Sec'y of Navy,* 709 F.2d 684, 686 (11th Cir. 1983) (holding that "a record must be maintained by the agency in a group of records cued to the requestor" to be subject to mandatory disclosure).

2013).  SSA regulations, however, do not require the SSA to make the social security records of others available for inspection and copying on demand at its district offices and branch offices. 20 C.F.R. § 402.55, 402.130.

To impose the burden of responding on the agency, the person requesting the records must first make a proper request.  Plaintiff attached to his complaint a form he allegedly completed at the SSA office on September 8, 2016, on which form he requested his "entire file on [his father's social security number] from beginning to present – everything entered paid sent received everything."  (ECF No. 1-1.)  Assuming that the request was filed with the SSA, FOIA allows the SSA 20 days to respond to such a request.  Plaintiff's claim was thus not ripe when he filed the claim, and Plaintiff subsequently has not asserted any facts to suggest that the SSA has failed to respond to a properly submitted FOIA request.  If the SSA does not respond to a properly filed FOIA request as required by law, concerns for exhaustion of the administrative process may no longer exist, and Plaintiff's claim could be appropriate for judicial review.  *Hidalgo v. F.B.I.,* 344 F.3d 1256, 1258 – 59 (D.C. Cir. 2003). [4]

**D.     Criminal complaint of fraud**

In his September 22 supplemental pleading (ECF No. 5), Plaintiff requests that a criminal charge be brought against Joan Bowen.  Specifically, Plaintiff alleges that in 2013, while Plaintiff was incarcerated and when Ms. Bowen had power of attorney over his affairs and was the payee for his social security benefits, Ms. Bowen received a $17,000 "back payment" of social security benefits on Plaintiff's account, and she collected Plaintiff's monthly social security checks.

---

[4] United States Magistrate Judge Karen Litkovitz of the District of Ohio recently observed that there is a consensus among courts of appeals "that exhaustion of administrative remedies is not a jurisdictional prerequisite to filing a FOIA action." *Carter v. United States*, No. 1:16-CV-530, 2016 WL 4382725, at *2 (S.D. Ohio Aug. 16, 2016) (Report and Recommendation).  In this case, Plaintiff has not alleged the SSA failed to respond as required by law to a properly submitted FOIA request. *Cf. Mathews v. Eldridge*, 424 U.S. 319, 329 (1976) (holding that "some decision by the Secretary" is a jurisdictional prerequisite to judicial review under the Social Security Act).

According to Plaintiff, Ms. Bowen invested the funds in a home in Van Buren, Michigan, and is now attempting to sell the home.  Plaintiff alleges Ms. Bowen "committed social security fraud" and "should be arrested."  He asks that the Court "[p]lease hold Joan Bowen responsible for any and all criminal charges that may apply."  (ECF No. 5-1.)

Simply stated, Plaintiff does not have standing to prosecute criminal charges against others, and the courts do not decide whether a person should be charged under 42 U.S.C. § 408(a) or any other criminal statutes.  *United States v. Nixon,* 418 U.S. 683, 693 (1974) ("the Executive Branch has exclusive authority and absolute discretion to decide whether to prosecute a case"); *Linda R.S. v. Richard D.,* 410 U.S. 614, 619 (1973) (private citizens lack a judicially cognizable interest in the criminal prosecution of another); *Cok v. Cosentino*, 876 F.2d 1, 2 (1st Cir. 1989); *Briand v. Lavigne*, 223 F. Supp. 2d 241, 251 (D. Me. 2002).

### E.   Claim the SSA should recover overpayment from Ms. Bowen

Plaintiff's September 23 filing (ECF No. 7) includes documents that suggest the SSA has withheld $21,553.18 in past due child's benefits payments based on overpayments the SSA made to Plaintiff's SSI account in or before 2013.  Plaintiff's latest pleading, construed liberally, asserts a claim that the SSA should obtain reimbursement for the overpayment from Ms. Bowen and not through the withholding of Plaintiff's benefits.

The SSA generally is required to recover overpayments of disability and survivor's benefits.  42 U.S.C. § 404(a)(1)(A); 20 C.F.R. § 404.501(a).  An individual who has been overpaid, however, may request waiver of recovery of the overpayment.  20 C.F.R. § 404.506(b).  Under the Act,

> [i]n any case in which more than the correct amount of payment has been made, there shall be no adjustment of payments to, or recovery by the United States from, any person who is without fault if such adjustment or recovery would defeat the purpose of this subchapter or would be against equity and good conscience.

42 U.S.C. § 404(b); *see also* 20 C.F.R. § 404.506(a).[5]

SSA regulations authorize a beneficiary to request a waiver of an adjustment and provide for an administrative process to review the waiver request.  20 C.F.R. § 404.506(b) – (h). [6] Plaintiff

---

[5] *See* 42 U.S.C. § 1007(*l*)(1); 20 C.F.R. § 404.2041 (regarding the responsibilities of representative payees).

[6] The relevant regulation provides as follows:

**§ 404.506 When waiver may be applied and how to process the request.**

(a) Section 204(b) of the Act [42 U.S.C. § 404(b)] provides that there shall be no adjustment or recovery in any case where an overpayment under title II has been made to an individual who is without fault if adjustment or recovery would either defeat the purpose of title II of the Act, or be against equity and good conscience.

(b) If an individual requests waiver of adjustment or recovery of a title II overpayment within 30 days after receiving a notice of overpayment that contains the information in § 404.502a, no adjustment or recovery action will be taken until after the initial waiver determination is made. If the individual requests waiver more than 30 days after receiving the notice of overpayment, SSA will stop any adjustment or recovery actions until after the initial waiver determination is made.

(c) When waiver is requested, the individual gives SSA information to support his/her contention that he/she is without fault in causing the overpayment (see § 404.507) and that adjustment or recovery would either defeat the purpose of title II of the Act (see § 404.508) or be against equity and good conscience (see § 404.509). That information, along with supporting documentation, is reviewed to determine if waiver can be approved. If waiver cannot be approved after this review, the individual is notified in writing and given the dates, times and place of the file review and personal conference; the procedure for reviewing the claims file prior to the personal conference; the procedure for seeking a change in the scheduled dates, times, and/or place; and all other information necessary to fully inform the individual about the personal conference. The file review is always scheduled at least 5 days before the personal conference. We will offer to the individual the option of conducting the personal conference face-to-face at a place we designate, by telephone, or by video teleconference. The notice will advise the individual of the date and time of the personal conference.

(d) At the file review, the individual and the individual's representative have the right to review the claims file and applicable law and regulations with the decisionmaker or another SSA representative who is prepared to answer questions. We will provide copies of material related to the overpayment and/or waiver from the claims file or pertinent sections of the law or regulations that are requested by the individual or the individual's representative.

(e) At the personal conference, the individual is given the opportunity to:

(1) Appear personally, testify, cross-examine any witnesses, and make arguments;
(2) Be represented by an attorney or other representative (see § 404.1700), although the individual must be present at the conference; and
(3) Submit documents for consideration by the decisionmaker.

(f) At the personal conference, the decisionmaker:

9

does not appear to contest the SSA's overpayment determination.  Instead, Plaintiff contends that he should not be responsible for the overpayment.  According to Plaintiff's September 23 filings, the Great Lakes Program Service Center in Chicago, Illinois, reviewed Plaintiff's social security benefits in September 2013 and concluded that while Plaintiff was "entitled to monthly child's benefits … beginning October 2007," the amount owed to Plaintiff was subject to withholding because Plaintiff had received an overpayment of SSI benefits in the amount of $21,553.18.  (ECF No. 7 at 2, 16 – 17.)   Plaintiff asserts that the SSA should not recover the overpayment by

---

(1) Tells the individual that the decisionmaker was not previously involved in the issue under review, that the waiver decision is solely the decisionmaker's, and that the waiver decision is based only on the evidence or information presented or reviewed at the conference;
(2) Ascertains the role and identity of everyone present;
(3) Indicates whether or not the individual reviewed the claims file;
(4) Explains the provisions of law and regulations applicable to the issue;
(5) Briefly summarizes the evidence already in file which will be considered;
(6) Ascertains from the individual whether the information presented is correct and whether he/she fully understands it;
(7) Allows the individual and the individual's representative, if any, to present the individual's case;
(8) Secures updated financial information and verification, if necessary;
(9) Allows each witness to present information and allows the individual and the individual's representative to question each witness;
(10) Ascertains whether there is any further evidence to be presented;
(11) Reminds the individual of any evidence promised by the individual which has not been presented;
(12) Lets the individual and the individual's representative, if any, present any proposed summary or closing statement;
(13) Explains that a decision will be made and the individual will be notified in writing; and
(14) Explains repayment options and further appeal rights in the event the decision is adverse to the individual.

(g) SSA issues a written decision to the individual (and his/her representative, if any) specifying the findings of fact and conclusions in support of the decision to approve or deny waiver and advising of the individual's right to appeal the decision. If waiver is denied, adjustment or recovery of the overpayment begins even if the individual appeals.

(h) If it appears that the waiver cannot be approved, and the individual declines a personal conference or fails to appear for a second scheduled personal conference, a decision regarding the waiver will be made based on the written evidence of record. Reconsideration is then the next step in the appeals process (but see § 404.930(a)(7)).

20 C.F.R. § 404.506.

withholding his past due benefits, but should collect the money from Ms. Bowen, the payee of the funds.

Plaintiff's claim regarding an unwarranted withholding of social security benefits is potentially within this Court's jurisdiction under the Social Security Act, 42 U.S.C. § 405(g). Section 405(g) provides in part:

> Any individual, after any final decision of the Commissioner of Social Security made after a hearing to which he was a party, irrespective of the amount in controversy, may obtain a review of such decision by a civil action commenced within sixty days after the mailing to him of notice of such decision or within such further time as the Commissioner of Social Security may allow. …

*Id.*

Plaintiff's allegations and filings support an inference that he presented to the SSA a request that the SSA waive any right it might have to collect the overpayment from him. Specifically, Plaintiff filed a notice provided to him by the Great Lakes Program Service Center on May 25, 2016, in which notice the Service Center stated that it received Plaintiff's "request that [it] not collect the overpayment." (ECF No. 7, PageID # 29.)  In addition, Plaintiff filed a notice dated September 12, 2016, in which the Service Center wrote to "let you know that we cannot pay you all of the Social Security benefits we withheld." (*Id.*, PageID # 26.)  Plaintiff's filings support an inference that he presented to the SSA a request not to adjust his benefits and that the SSA denied the request. *Illinois Council*, 529 U.S. at 24 ("At a minimum, … the matter must be presented to the agency prior to review in a federal court.").  At this stage of the proceedings, Plaintiff's request and the subsequent administrative decision justify service of the complaint on the SSA regardless of the merit of any failure to exhaust affirmative defense the SSA might have. *Escalera v. Comm'r of Soc. Sec.,* 457 Fed. App'x 4, 5 n. 1 (2d Cir. 2011) ("the failure to exhaust is a waivable (i.e., non jurisdictional) requirement under Section 405(g)" (citing *Bowen v. City of New York*, 476 U.S. 467, 483 (1986))).

CONCLUSION

Based on the foregoing analysis, pursuant to 28 U.S.C. § 1915(e)(2), I recommend the

Court dismiss Plaintiff's claims except for Plaintiff's challenge to the SSA's decision to collect

from Plaintiff the overpayment of benefits.

**NOTICE**

A party may file objections to those specified portions of a magistrate
judge's report or proposed findings or recommended decisions entered pursuant to
28 U.S.C. § 636(b)(1)(B) for which *de novo* review by the district court is sought,
together with a supporting memorandum, within fourteen (14) days of being served
with a copy thereof.  A responsive memorandum shall be filed within fourteen (14)
days after the filing of the objection.

Failure to file a timely objection shall constitute a waiver of the right to *de
novo* review by the district court and to appeal the district court's order.

/s/ John C. Nivison
U.S. Magistrate Judge

Dated this 14th day of October, 2016.